Lee, J.
delivered the opinion of the court:
The court is of opinion that the affidavit of the witness Archibald Freeman having been introduced and read to the court upon the question whether the deposition of the witness previously taken should be permitted to be read in evidence to the jury, without objection on the part of the defendant, that the same had been taken without notice, such objection must be regarded as having been waived; and the court therefore deems it unnecessary to express any opinion upon the question whether if formally made it would have served to exclude the said affidavit from being read and considered by the court upon the question aforesaid.
And the court is further of opinion, in conformity to the decisions of this court in the cases of Pollard's heirs v. Lively, 2 Gratt. 216, and Nuckols’ adm’r v. Jones, 8 Gratt. 267, that where the deposition of an absent witness is offered to be read in evidence upon the trial of an action at law, the evidence of the witness himself touching his failure or inability to attend the court, and the cause thereof, may properly be heard and considered, and may of itself furnish sufficient grounds for admitting the deposition in question.
And it appearing from the affidavit of the said Archibald Freeland, taken about eight days before the trial, that he was then in the ninetieth year of Ms age, extremely’enfeebled from the effects of age and continued disease, that he wras unable to take any other than the most moderate exercise without serious risk, and that he could not as he believed, attend the session *559 of the court to give his testimony in person without probable danger to his life, nor had he any reason to hope that he would be in a better condition at any future time, the court is of opinion that the absence of the witness was sufficiently accounted for, and that the objection to the reading of his deposition upon the ground that the witness appeared to be still in life and residing in the same county in which the trial was had, should not have prevailed.
The court is therefore of opinion that the Circuit court erred in excluding the said deposition from the jury ; and that the said judgment be reversed, and the cause remanded to said court for a new trial to be had therein, upon which, if the plaintiff shall again offer the said deposition, and the absence of the witness shall be then accounted for in the same or a similar manner as upon the former trial, or in any other manner in law equally sufficient, the court shall permit the same to be read in evidence to the jury, unless some objection shall then be made other than that herein declared to be insufficient, and which shall be found good and sufficient in law to exclude the same or some part thereof from being admitted in evidence as aforesaid.
Judgment reversed.